HOUGHTON *v.* SMITH.

1. MORTGAGES—CONSTRUCTIVE NOTICE OF AMOUNT SECURED—MORT-
     GAGE TAX—COUNTY TREASURER'S CERTIFICATE.
     Constructive notice of amount secured by recorded real estate
          mortgage is limited to amount on which tax is paid as recited
          in certificate of county treasurer required to be recorded with
          mortgage (1 Comp. Laws 1929, §§ 3641, 3642).

2. SAME—ERROR IN PAYING MORTGAGE TAX.
     Error in paying tax on less amount than real estate mortgage
          purports to secure is chargeable to mortgagee rather than to
          county treasurer (1 Comp. Laws 1929, §§ 3641, 3642).

3. SAME—DISCHARGE—AMOUNT RECITED IN CERTIFICATE CONTROL-
     LING.
     Purchasers of land incumbered by recorded mortgage are en-
          titled to discharge thereof on payment of amount on which
          tax has been paid, as recited in county treasurer's certificate
          recorded therewith, notwithstanding mortgage purports to se-
          cure larger amount (1 Comp. Laws 1929, §§ 3641, 3642).

Appeal from Wayne; Miller (Guy A.), J.   Sub-
mitted April 22, 1932.   (Docket No. 77, Calendar
No. 36,128.)   Decided June 6, 1932.

Four bills by George Houghton and another
against Ernest F. Smith, trustee, to discharge lien
of mortgage in excess of amount recorded.   Cases
consolidated before trial.   Decree for plaintiffs.
Defendant appeals.   Affirmed.

*Sempliner, Dewey, Stanton & Bushnell (Arthur
F. Neef* and *D. Neil Reid,* of counsel), for plaintiffs.

*Max M. Braun,* for defendant.

CLARK, C. J. Plaintiffs purchased land incumbered by recorded mortgage. The mortgage purported to secure a series of notes in the total sum of $3,600, and a second series in the total sum of nearly $800. Before recording, the mortgagee presented the mortgage to the county treasurer, and, upon payment of $18, mortgage tax of 50 cents for each $100 (1 Comp. Laws 1929, § 3641), the treasurer indorsed upon the mortgage his certificate that the amount secured by the mortgage was $3,600, and that he had received $18 in full for tax thereon.

Plaintiffs, alleging that they are charged by the record with constructive notice of an incumbrance of $3,600, and no more, filed bill to be relieved of mortgage of record in excess of that amount, and had decree. Defendant has appealed.

Because of difference in statutes, cases cited from other jurisdictions are not in point. Our statute, 1 Comp. Laws 1929, § 3642, provides in part:

"The tax imposed by this act shall be paid to and collected by the treasurer of the county where such mortgage is first presented for record, in the manner following: Before said mortgage is received by the register of deeds for recording it shall be presented to the county treasurer who shall as one of his official duties compute and collect the taxes due thereon as provided by this act, and shall certify on said mortgage the amount secured thereby and the amount of taxes received by him. Said certificate shall be recorded by the register of deeds as a part of the record of said mortgage."

It is true that the statute is a revenue measure, but it contains other features to make itself effective. To coerce payment, privilege of recording is denied until tax is paid, and to prevent evasion and to secure payment in full, constructive notice by

recording is limited to amount on which tax is paid, and this latter conclusion is indicated by requirement that treasurer shall certify amount secured by the mortgage and that certificate must be recorded with mortgage.

We are not concerned here with contract relations between parties to the mortgage, nor with actual notice, but solely with constructive notice.

It is urged that one ought not to be prejudiced by error of treasurer in making computation. It is most improbable that one seeking to pay all that he ought to pay will be refused. In that improbable event, he has his remedy. The failure here is chargeable to the mortgagee, not to the treasurer.

Another question is attempted, but it was decided correctly by the trial judge and calls for no discussion.

Affirmed.

MCDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST. and BUTZEL, JJ., concurred.